

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# USA v. Minerd

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2859

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Minerd" (2008). *2008 Decisions.* Paper 228.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2859

UNITED STATES OF AMERICA

v.

JOSEPH P. MINERD, Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-99-cr-00215-001)
District Judge:  Honorable Maurice B. Cohill, Jr.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2008

Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: 14 November 2008)

OPINION

PER CURIAM.

        In May 2002, a federal jury convicted the appellant, Joseph P. Minerd, of

detonating a pipe bomb at Deana Mitts's home in Connellsville, Pennsylvania.  See 18

1

U.S.C. § 844(I). Deana and her three-year-old daughter were killed in the explosion. Following a sentencing hearing, the United States District Court for the Western District of Pennsylvania sentenced Minerd to life in prison without the possibility of parole. This Court affirmed. (C.A. No. 02-3305).

On March 13, 2008, Minerd filed a motion pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) to obtain transcripts of the grand jury proceedings that led to his indictment. Minerd claimed that these transcripts would enable him to prepare a motion to dismiss the indictment because they would reveal "prosecutorial misconduct and fraud before the grand jury." (Motion to Disclose Grand Jury Transcripts, at p. 1.) By order entered June 12, 2008, the District Court denied the motion. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §1291. We review the District Court's decision for an abuse of discretion. See United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989). "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." United States v. Proctor & Gamble, 356 U.S. 677, 682 (1957). A court may authorize disclosure of grand jury testimony, however, if the defendant shows that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). To obtain the testimony, a party must show "a particularized need for that information which outweighs the public interest in secrecy." McDowell, 888 F.2d at 289.

2

In the present case, Minerd argued that he needed the grand jury transcripts to show that the government committed "fraud before the grand jury," and that "the government's attorney did everything he could to deliberately express his opinions on questions of facts in an attempt to influence the grand jury findings." (Memorandum of Law in Support of Motion, at p. 4.)  This vague allegation, however, does not demonstrate a particularized need for disclosure.  See id.  After careful review of the record, we agree with the District Court that nothing therein suggests that "a ground may exist to dismiss the indictment." FED. R. CRIM. P. 6(e)(3)(E)(ii).[1]  Therefore, we see no abuse of discretion in the District Court's conclusion that Minerd failed to make the showing of "particularized need" required to overcome the policy of secrecy encompassed by Rule 6(e).

Accordingly, because there is no substantial question presented by this appeal, we will summarily affirm.  See Third Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1]  Furthermore, to the extent that Minerd alleged that the government failed to present exculpatory evidence to the grand jury, an indictment may not be dismissed on these grounds, as noted by the District Court.  See United States v. Williams, 504 U.S. 36, 55 (1992).